IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

ASHLEY D. ADAMS

              **Plaintiff,**

v.                                                                                    Case No. 23-CV-278-RAW

E-Z MART STORES, INC.,
              **Defendant**

E-Z MART STORES, INC.
              **Third Party Plaintiff**
v.
LSC VENTURES, INC., D/B/A PROCORE
FUEL SOLUTIONS
              **Third-Party Defendant**

**ORDER**

Before the court is the Plaintiff and Third-Party Defendant's Combined Motion for Judgment on the Pleadings Attacking the Third-Party Complaint or In the Alternative, A Motion to Sever and Try Separately [Dkt. No. 56]. Plaintiff and Third Party Defendant LSC Ventures (ProCore) seek to dismiss Defendant and Third Party Plaintiff EZ Mart's third-party complaint seeking indemnity from ProCore for damages arising out of the death of Lonnie Adams, a ProCore employee who died while working on a repair at E-Z Mart. Consistent with our prior holding and the holding of other Federal District Courts in Oklahoma, we agree that Oklahoma law forecloses

contribution and indemnity in these circumstances and GRANT in part the Plaintiff and Third-Party's Motion to Dismiss [Dkt. No. 56]. Because the Defendant asserts valid claims for breach of contract and other torts, the Motion is DENIED in part.

## BACKGROUND

This case arises out of an incident wherein Lonnie Adams died while working in an underground tank sump on E-Z Mart's property. E-Z Mart is the owner and operator of a chain of gas station convenience stores that hired Mr. Adams' employer, ProCore, to perform maintenance on some of their fuel dispensing equipment. After Mr. Adams' death, his widow, Ashley Adams, filed suit against E-Z Mart, alleging that the store was negligent and failed to protect her husband from the dangers posed by the sump. E-Z Mart subsequently filed a Third Party Complaint against Mr. Adams' employer, ProCore, alleging that ProCore is liable for indemnity and contribution and is entirely responsible for the incident because it did not provide an adequately trained employee to perform the maintenance. Now, Plaintiff and ProCore move to strike the Third Party Complaint, arguing that it fails to state an actionable claim for relief.

### I.      Legal Standard

The Court reviews a Rule 12(c) motion for judgment on the pleadings under the same legal standard as a motion for failure to state a claim made under Fed. R. Civ. P. 12(b)(6). *See Atlantic Richfield Co.* v. *Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000) ("A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)."); *Mock* v. *T.G. & Y. Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992) (same).To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds 'that discovery will reveal evidence to support plaintiff's allegations." *Shero* v. *City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007). That is, a complaint must include

"enough facts to state a claim for relief that is plausible on its face." *TON Servs., Inc*. v. *Qwest Corp.*, 493 F.3d 1225, 1235 (10th Cir. 2007). "A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009).

Moreover, a Rule 12(c) motion for "[j]udgment on the pleadings should not be granted 'unless the moving party has clearly established that no material issue of fact remains to be resolved, and the party is entitled to judgment as a matter of law.'" *Park Univ. Enters., Inc*. v. *Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006) (citation omitted). In other words, a motion for a judgment on the pleadings "only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court." *Ciber, Inc*. v. *ACE Am. Ins. Co.*, 261 F. Supp. 3d 1119, 1125 (D. Colo. 2017) (quoting 5C Charles Alan Wright et al., Federal Practice & Procedure § 1367 (3d ed., Apr. 2019 update)).

## II.   Contribution Claim

The Third-Party Complaint is based upon diversity jurisdiction. [Dkt. 39]. As such, the law of Oklahoma is to be applied in determining the substantive rights of the parties. *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938).  Under Oklahoma law, contribution distributes the loss "among the joint tortfeasors in proportion to their respective negligence, whether or not plaintiff has sued all the tortfeasors." *Barringer v. Baptist Healthcare of Oklahoma*, 2001 OK 29, ¶ 7, 22 P.3d 695, 698. Specifically,12 Okla. Stat. §832 (1991) provides a right of contribution "[w]hen two or more persons become jointly or severally liable in tort for the same injury to person or property ... even though judgment has not been recovered against all or any of them....". ¶ 8. The statute also provides that "[t]he right of contribution exists only in favor of a tort-feasor who has paid more than their pro-rata share of the common liability, and the total recovery is limited to the amount

3

paid by the tort-feasors in excess of their pro rata share." *Id.* at § 832(B). A "pro rata share" means "apportioned according to each tortfeasor's degree of fault." *Nat'l Union Fire Ins. Co v. A.A.R.W. Skyways, Inc.*, 1989 OK 157, ¶ 22, 784 P.2d 52, 57.

However, "[a]n allegation that the party against whom contribution is sought is solely liable to the plaintiff, or that the party seeking contribution is not liable at all, is insufficient" to assert a contribution claim. *Daugherty v. Farmers Co-op. Ass'n*, 1989 OK CIV APP 89, ¶ 13, 790 P.2d 1118, 1120-21*, See also Loos*, 2016 WL 5017353 at *5 (contribution is inappropriate if third-party defendant was sole cause of the accident because contribution only applies in cases involving joint tortfeasors); *Chesapeake Appalachia, L.L.C. v. Cameron Int'l Corp.*, 2014 WL 7187082, at *4 (W.D. Okla. Dec. 16, 2014) (dismissing contribution claim where third-party complaint failed to allege that defendant and third-party defendant were jointly or severally liable to plaintiff).

Here, because E-Z Mart insists that ProCore is fully liable for Plaintiff's damages, the damages would not be severable. Thus, if we take E-Z Mart's allegations as true, ProCore would not owe contribution because it would be responsible for all of the damages. Additionally, E-Z Mart is not at risk of paying more than its fair share of liability even without a contribution claim because the jury will be able to consider "the negligence of tortfeasors not parties to the lawsuit" when apportioning the negligence of those tortfeasors who are parties. *Myers v. Missouri Pacific R. Co.*, 2002 OK 60, ¶ 31, 52 P.3d 1014, 1030 (emphasis in original). This rule specifically exists to protect parties like E-Z Mart from being liable for the "ghost tortfeasor's" negligence. *Thomas v. E-Z Mart Stores Inc.*, 2004 OK 82, ¶ 169, 102 P.3d 133, 138-139. Dismissing E-Z Mart's contribution claim does not expose them to being held liable for a disproportionate share of liability for Plaintiffs' damages because they will be allowed to present evidence of ProCore's liability regardless of whether ProCore is a party.  As a result, striking the contribution claim in the Third-

4

Party Complaint will not unfairly increase E-Z Mart's share of the liability. Therefore, the motion to strike as to E-Z Mart's contribution claim against ProCore is hereby GRANTED.

### III.    Indemnity

E-Z Mart also fails to plead an actionable claim for indemnity. Under Oklahoma law, "[t]he general rule of indemnity is that one without fault, who is forced to pay on behalf of another, is entitled to indemnification." *Nat'l Union Fire Ins. Co.* v. *A.A.R. Western Skyways, Inc.*, 1989 OK 157, ¶ 7, 784 P.2d 52, 54. When a party is asserting noncontractual or implied indemnity, liability "rests upon fault of another which has been imputed or constructively fastened upon him who seeks indemnity." *Noble Steel, Inc.* v. *Williams Bros. Concrete Const. Co.*, 2002 OK CIV APP 66, ¶ 12, 49 P.3d 766, 770. For instance, implied indemnity may arise in the context of respondeat superior. In that case, "[a] master is entitled to indemnity from the servant where the negligence of the servant causes damage to a plaintiff, but no fault is attributable to the master." *Thomas* v. *E-Z Mart Stores, Inc.*, 2004 OK 82, ¶ 20, 102 P.3d 133, 139. Oklahoma law recognizes "a right of indemnity when one who was only constructively liable to the injured party and was in no manner responsible for the harm is compelled to pay damages because of the tortious act by another." *Braden* v. *Hendricks*, 1985 OK 14, ¶ 11, 695 P.2d 1343, 1349. "Oklahoma courts have repeatedly held that a party whose negligence has proximately caused the injuries in question may not seek equitable indemnification from a third party who has also proximately caused those injuries". *Nat'l Union Fire Ins. Co.*, 784 P.2d at 54-55 (holding that "no right of indemnity exists" amongst "concurrent or joint tortfeasors, having no legal relation to one another).

Here, taking the Plaintiff's allegations as true, E-Z Mart was at least partially responsible for the alleged harm. The Plaintiff alleges E-Z Mart is responsible for a negligent failure to warn, premises liability theory of recovery, and a negligence per se cause of action for alleged violations

of Federal safety regulations. Dkt. No. 2 at 5. ¶¶ 19-26, 7 ¶¶ 27-37. E-Z Mart highlights the fact that the *Nat l Union Fire Ins. Co.,* holding applies only to parties who "have no legal relation to one another" and argues that because E-Z Mart and ProCore had a contractual relationship, this case is inapposite, and its indemnity claim should survive. Dkt. No. 65 at 21. While it is true that a contractual relationship exists between ProCore and E-Z Mart, taking the pleadings as true, E-Z Mart was also responsible for harming Mr. Adams. Thus, if E-Z Mart is held liable for the Plaintiff's harm, it will be based on its own negligence and not solely because of ProCore's actions, a necessary part of an indemnity claim. Thus, the fact that E-Z Mart had a legal relationship with ProCore does not change the basis for E-Z Mart's indemnity claim, which is not actionable based on the facts as pled.

The Court should grant leave to amend freely "if it appears at all possible that the plaintiff can correct the defect." However, the court may properly deny leave to amend where an amendment is futile, as it would be subject to dismissal. *Triplett* v. *Leflore County, Okla.*, 712 F.2d 444, 446 (10th Cir. 1983); *Anderson* v. *Suiters*, 712 F.3d 1228, 1238 (10th Cir. 2004); *E.SPIRE Commc'ns, Inc.* v. *N.M. Publ. Regulation Comm'n*, 392 F.3d 1204, 1211 (10th Cir. 2004). Additionally, the Oklahoma Supreme Court recently held that indemnity and contribution claims made by third parties against the employer of an injured plaintiff are barred by the exclusive remedies provision of the workers' compensation act, further indicating that amendment of these claims would be futile. *Knox* v. *Oklahoma Gas & Elec. Co.*, 2024 OK 37, ¶ 37, 549 P.3d 1260, 1274–75, <u>as corrected</u> (June 6, 2024).  Thus, because an indemnity or contribution claim, even if amended, would be subject to dismissal, leave to amend is futile and hereby DENIED.

IV.    **Freestanding Tort and Contract Claims**

In addition to the indemnity and contribution claims, Third Party Plaintiff E-Z Mart alleges that Pro Core is liable for misrepresentation, fraud, breach of contract, and negligence based on breach of contract. Dkt. No. 21 Third Party complaint. E-Z Mart alleges that the contractual relationship between Pro Core and E-Z Mart imposed a duty on Pro Core to train and supervise its technicians, ensuring that work would be performed in a workmanlike manner. Plaintiff and ProCore attack these claims, arguing that the misrepresentation and fraud claims are impermissibly duplicative of the breach of contract claim, that E-Z Mart failed to state a claim for fraud or misrepresentation, that the misrepresentation claim is impermissibly identical to the breach of contract claim, and that the tort claim cannot rest on the same beach of duty alleged in a breach of contract claim.  Dkt. No. 56 at 15.

While the plaintiffs will not be permitted to receive double recovery, Oklahoma law allows parties to pursue alternative theories of recovery and seek both legal and equitable relief at this stage." *Hitch Enters., Inc.* v. *Cimarex Energy Co.*, 859 F. Supp. 2d 1249, 1258 (W.D. Okla. 2012). Thus, the fact that E-Z Mart's breach of contract and misrepresentation claims may rest on the same factual support does not warrant dismissal.

However, concerning the fraud claim, to satisfy the particularity requirement, the complaining party must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000). To determine whether the pleading requirement has been satisfied, a court "accepts 'as true all well-pleaded facts, as distinguished from conclusory allegations, and view[s] those facts in the light most favorable to the non-moving party.'" *Farrow* v. *State Farm Fire & Cas. Co*., CIV-21-351-G, 2023 WL 2733400, at *5 (W.D. Okla. Mar. 31,

2023) (quoting *U.S. ex rel. Sikkenga* v. *Regence BlueCross BlueShield of Utah*, 472 F.3d 702, 726 (10th Cir. 2006) abrogated on other grounds by *Cochise Consultancy, Inc.* v. *U.S. ex rel. Hunt*, 587 U.S. 262 (2019)); see also *Grossman* v. *Novell, Inc.*, 120 F.3d 1112, 1118 & n. 5 (10th Cir.1997). The court divides the "well-pleaded facts" from the "conclusory allegations" to determine if the pleading requirement imposed by Rule 9(b) was met. *See Brooks* v. *Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) ("An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement.") (citation omitted). "'At a minimum, Rule 9(b) requires that a plaintiff set forth the who, what, when, where, and how of the alleged fraud.'" *Key* v. *Exxon Mobil Corp.*, 508 F. Supp. 3d 1072, 1085 (E.D. Okla. 2020) (quoting *Regence BlueCross*, 472 F.3d at 726-27).

In the present case, E-Z Mart alleges that ProCore "misrepresented that employees of ProCore sent to perform as independent contractors at E-Z Mart would be sufficiently and adequately fit, competent, trained, and supervised in the performance of the work." Dkt. No. 21 ¶ 29.  E-Z Mart also alleges that ProCore failed to warn or otherwise notify E-Z Mart that the employees ProCore sent to perform the work were not sufficiently competent to perform the work. Id at ¶ 33. These allegations are conclusory.  Even taken together with the other factual allegations, E-Z Mart's claim for fraud is not set forth in sufficient detail, and therefore, E-Z Mart's claim for fraud is DISMISSED.

Because leave to amend should be granted freely, and Plaintiff and ProCore failed to adequately show that amendment of this claim would be futile, E-Z Mart may amend they claim within fourteen (14) days of entry of this order.

Finally, Plaintiff and ProCore request to bifurcate or sever E-Z Mart's remaining claims. The court finds that bifurcation would be inefficient and the Plaintiff and ProCore have failed to

show that they would be prejudiced by a joint trial. Additionally, given the similarities between the claims, the Plaintiff's claims and E-Z Mart's claims are not clearly separable for the purpose of bifurcation and severance. *Angelo* v. *Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993). Therefore, Plaintiff and ProCore's request to sever or bifurcate E-Z Mart's remaining claims is DENIED.

## CONCLUSION

For the reasons explained above, the court DENIES in part and GRANTS in part Plaintiff and ProCore's Combined Motion for Judgment on the Pleadings Attacking the Third Party Complaint or in the Alternative Motion to Sever and Try Separately [Dkt. No. 56]. Furthermore, Defendant E-Z Mart is provided fourteen (14) days to amend the fraud claim in the Third Party Complaint.

Dated this 19th day of February, 2026.

Ronald A. White
United States District Judge
Eastern District of Oklahoma

9