IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ASHLEY D. ADAMS<br>　　　　　Plaintiff,<br><br>v.<br><br><br>E-Z MART STORES, INC.,<br>　　　　　Defendant<br><br><br>E-Z MART STORES, INC.<br>　　　　　Third Party Plaintiff<br>v.<br>LSC VENTURES, INC., D/B/A PROCORE<br>FUEL SOLUTIONS<br>　　　　　Third-Party Defendant | Case No. 23-CV-278-RAW |

**ORDER**

　　　　Before the court is the Defendant and Third Party Plaintiff's Rule 702 Motion to Limit Dr. Ian McIntyre's Testimony pursuant to Rule 702 and Daubert [Dkt. No. 68]. The opinion Defendants seek to exclude is Dr. McIntyre's opinion that the presence of solvents and other chemicals from the gas would have pulled methamphetamine out of the fat and muscle and into the blood postmortem. Therefore, the detected levels of methamphetamine were several times higher than one might expect, even allowing for postmortem redistribution. Dkt. No. 68 at 2. E-Z Mart argues that Dr. McIntyre's opinion that gasoline may leach methamphetamine from tissue, resulting in higher concentrations is ipse dixit and too large an inferential leap to be admissible. *Id* at 4. For the foregoing reasons, the motion is DENIED.

1

I.     **Standards governing admissibility of expert testimony.**

Pursuant to Rule 702 Fed. R. Evid. (as interpreted in *Daubert*) a district court must satisfy itself that the proposed expert testimony of an expert is both reliable and relevant before permitting the jury to assess such testimony. *United States* v. *Wofford*, 766 Fed. Appx. 576, 581 (10th Cir. 2019); *Daubert* v. *Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 593-94 (1993). The Rule provides that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Reliability is determined by evaluating the reasoning and methodology underlying the expert's opinion. Relevance is about whether the expert testimony will assist the trier of fact or whether it instead falls within the juror's common knowledge and experience and will usurp the juror's role of evaluating a witness's credibility. *Wofford,* 766 Fed. Appx. at 581.

The Supreme Court set forth the following non-exclusive factors a court should consider when evaluating the admissibility of proposed expert testimony: (1) can and has the theory been tested; (2) has it been peer reviewed; (3) does it have a known or potential error rate; (4) the existence and maintenance of standards controlling its operation; (5) does it have widespread acceptance within the relevant scientific community. *Daubert*, 509 U.S. at 593. The inquiry into these factors is "a flexible one," and the focus is "on principles and methodologies, not on the conclusions that they generate." *Id*. The party seeking the admission of the expert testimony has

the burden to establish its admissibility by a preponderance of the evidence. *Id*. at 592 n.10. To perform its gatekeeping role, the district court must make specific findings on the record so that the appellate court can determine if it carefully reviewed the objected-to expert testimony under the correct standard. *Tudor* v. *Southeastern Okla. St. Univ.*, 13 F.4th 1019, 1029 (10th Cir. 2021); *See also United States* v. *Cushing*, 10 F.4th 1055, 1079 (10th Cir. 2021). However, when an expert's methodology is not complex, technical, or highly specialized, a less detailed district court ruling is sufficient. *Tudor*, 13 F.4th at 1030. (internal citations omitted).

Courts should exclude an expert's testimony if they conclude "that there is simply too great an analytical gap between the data and the opinion proffered" by the expert. *Gen. Elec. Co*. v. *Joiner*, 522 U.S. 136,140 (1997). Experts may refer to legal standards in formulating their opinions, "but may not apply the law to the facts of the case or otherwise tell the jury how the case should be decided." *United States* v. *Arutunoff*, 1 F.3d 1112, 1118 (10th Cir. 1993). Expert testimony on legal issues crosses the line between the permissible and impermissible when it "attempt[s] to define the legal parameters within which the jury must exercise its fact-finding function." *Specht* v. *Jensen*, 853 F.2d 805, 809-10 (10th Cir. 1988).

In fulfilling its *Daubert* obligations, a trial court must also determine whether proposed testimony is sufficiently "relevant to the task at hand." 509 U.S. at 597. Relevant evidence "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401; *Bitler* v. *A.O. Smith Corp.*, 400 F.3d 1227, 1234 (10th Cir.2004). The Supreme Court has held that a trial court must evaluate the logical relationship between the evidence proffered and the material issue that the evidence supports to determine if the expert will assist the trier of fact. *Id*. In the Tenth Circuit, courts carry out the *Daubert* gatekeeping function by applying

a two-step analysis. *Ralston* v. *Smith & Nephew Richards, Inc*., 275 F.3d 956, 969 (10th Cir. 2001). First, the court must determine whether the proposed expert is qualified. This requires an assessment of his "knowledge, skill, experience, training, or education." *See* Rule 702 and *Ralston,* 275 F.3d at 969. Secondly, if the proposed expert is determined to be sufficiently qualified, the court must determine whether his opinions are "reliable" in the sense required by *Daubert* and *Kumho. Id.*

## II.     Analysis

E-Z Mart argues that Dr. McIntyre's opinion that gasoline may leach methamphetamine from tissue, resulting in higher concentrations being detected in the bloodstream, is ipse dixit, not supported by scientific literature, and too large an inferential leap to be admissible. Dkt. No. 68 at 4. Plaintiff contends that Dr. McIntyre's opinion is the proper product of his "knowledge and experience" and that it is also consistent with that of another expert, Byron Curtis. Dkt. No. 74 at 2.

In the present case, the relevance of Dr. McIntyre's opinion is undisputed. The only question the court must resolve is whether it is sufficiently reliable pursuant to 702 and *Daubert*. The court finds that it is.  Dr. McIntyre elaborated on how he reached his conclusion in his deposition, and the court finds that his stated rationale [Dkt. No. 74-1 at 4-5], viewed in light of his education and experience, makes the challenged opinion reliable under *Daubert* and 702. Additionally, Dr. McIntyre cites to published literature he referenced in forming this opinion. The simple fact that the Defendant's experts disagree with Dr. McIntyre's findings does not render them inadmissible. "Establishing reliability does not require showing that the expert's testimony is 'indisputably correct.'" *United States* v. *Pehrson*, 65 F.4th 526, 540 (10th Cir. 2023). To the extent

Dr. McIntyre opinions are insufficiently explained or contradicted by other studies or experts, the Plaintiff should raise these challenges through cross examination and the testimony of their own experts.

For the foregoing reasons, Defendant and Third Party Plaintiff's Rule 702 Motion to Limit Dr. Ian McIntyre's Testimony [Dkt. No. 68] is hereby DENIED.

**IT IS SO ORDERED** on this 3rd day of March, 2026.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**