IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

ASHLEY D. ADAMS

        **Plaintiff,**

v.                                                                                          Case No. 23-CV-278-RAW

E-Z MART STORES, INC.,
        **Defendant**

E-Z MART STORES, INC.
        **Third Party Plaintiff**
v.
LSC VENTURES, INC., D/B/A PROCORE FUEL SOLUTIONS
        **Third-Party Defendant**

## ORDER

Before the court is Defendant E-Z Mart Stores, Inc.'s Omnibus Motion in Limine and Brief in Support [Dkt. No. 97]. For the foregoing reasons, the motion is hereby DENIED in part, GRANTED in part, and found MOOT in part.

Motions in limine are permitted under the Federal Rules of Evidence to allow the Court to decide evidentiary issues in advance of trial, avoid delay, ensure fairness, and narrow down the evidentiary issues. *Mendelsohn* v. *Sprint/United Mgmt. Co.*, 587 F. Supp. 2d 1201, 1208 (D. Kan. 2008), aff'd, 402 F. App'x 337 (10th Cir. 2010). However, "the district court may change its ruling

1

at any time for whatever reason it deems appropriate." *Jones* v. *Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (citations omitted); see also *Luce*, 469 U.S. at 41 ("The ruling is subject to change when the case unfolds ... [E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.")

Additionally, "[c]ourts look with disfavor on motions in limine 'the gist of which is that the opposing party should be required to comply with the rules of evidence ... without identifying specific evidence which there is reason to believe may be introduced.'" *Kimzey* v. *Diversified Servs., Inc.*, 2017 WL 131614, at *1 (D. Kan. Jan. 13, 2017) (quoting *Graham* v. *Union Pacific R.R. Co.*, 2008 WL 4643292, at *1 (E.D. Ark. Oct. 17, 2008)) (denying a "purely generic" motion in limine); *Walsh* v. *United States*, 2009 WL 3755553, at *2 (N.D. Okla. Mar. 31, 2009) ("A court is within its discretion to deny a motion in limine that fails to identify the evidence with particularity or to present arguments with specificity. Motions in limine that exclude broad categories of evidence should rarely be granted. The better practice is to address the issues of admissibility as they arise.").

Counsel indicates that, pursuant to Local Rule 7.1 (f) they have consulted with opposing counsel in an attempt to resolve differences and were apparently able to agree on E-Z Mart's request Nos. 1, 2, 4 (in part), 5, 7, and 10. Dkt. No. 2 n. 1.

Defendant E-Z Mart raises the following Motions in Limine:

**Motion in Limine No. 1**:   E-Z Mart requests preclusion of any mention of liability insurance pursuant to Fed. R. Evid. 411. This request is GRANTED, but the court notes that it is little more than a reiteration of the Federal Rules of Evidence 411 to which the Plaintiff has replied, explaining well known exceptions to the rule.

**Motion in Limine No. 2**:     E-Z Mart requests preclusion of any reference to any of the pretrial motions. Plaintiff does not object to this request, but requests that the ruling be enforced against both parties.

**Motion in Limine No. 3**:     E-Z Mart seeks to exclude witnesses or reference exhibits that are not identified in the Pretrial Order. Because the circumstances of trial may allow the introduction of such evidence in certain contexts. Therefore, the request is hereby DENIED without prejudice.

**Motion in Limine No. 4:**     E-Z Mart seeks to exclude opinions by experts not previously identified. Plaintiff does not object to this request but points out that proper supplements to expert reports may be admissible under certain circumstances. Accordingly, the motion is GRANTED.

**Motion in Limine No. 5**:     E-Z Mart moves to exclude references to the incorrect burden of proof. Plaintiff does not object. The motion is GRANTED.

**Motion in Limine No. 6**:     E-Z Mart moves to exclude "improper bolstering". This is DENIED insofar as it is a nonspecific boilerplate motion that simply requests that the Court requires the parties to follow the Federal Rules of Evidence.

**Motion in Limine No. 7**:     E-Z Mart moves to exclude evidence of settlement and or settlement negotiations. The Plaintiff does not object and therefore the motion is GRANTED.

**Motion in Limine No. 8:**     E-Z Mart moves to prevent the Plaintiff and ProCore from "personalizing the case" or referencing the "Golden Rule" or Plaintiff's counsel's opinions. Plaintiff does not object to this motion and is therefore GRANTED.

**Motion in Limine No. 9:**     E-Z Mart seeks to exclude references to litigation results from similar cases or other cases with similar damages and/or evidence of other claims and lawsuits

against E-Z Mart. E-Z Mart does not reference any other specific events or cases. Without specific facts of the "other cases," the court is unable to determine whether such evidence is admissible. The court will DEFER ruling on this motion until a proper determination can be made in the context of the trial.

**Motion in Limine No. 10**:   E-Z Mart requests that the court exclude references to objections made by the parties. Plaintiff does not object, and the motion is therefore GRANTED.

**Motion in Limine No. 11:**   E-Z Mart requests that the court exclude unnecessarily inflammatory rhetoric from counsel. The Defendant does not identify any specific statements it seeks to exclude. Because the Defendant is simply requesting that the court enforce well established standards of conduct for counsel, the court agrees with the Plaintiff that it is MOOT.

**Motion to Limine No. 12:**   E-Z Mart seeks to exclude references to subsequent remedial measures by the Defendant. The Defendant references any changes to its safety practices made to comply with OSHA standards. As the Defendant points out, this kind of evidence is expressly prohibited by Fed. R. Evid. 407. "Courts look with disfavor on motions in limine 'the gist of which is that the opposing party should be required to comply with the rules of evidence ... without identifying specific evidence which there is reason to believe may be introduced.'" *Kimzey* v. *Diversified Servs., Inc.*, 2017 WL 131614, at *1 (D. Kan. Jan. 13, 2017). The court will require the parties to follow the rules of evidence. This motion is MOOT.

**Motion in Limine No. 13:**   The Defendant requests the court exclude references to and implications that the marking inside the sump tank are Mr. Adams blood as this assertion is not supported by the evidence and would be unduly prejudicial. Because it is not clear that the evidence

4

referenced is inadmissible under all circumstances and therefore the motion is DENIED until a proper determination can be made in the context of the trial.

**Motion in Limine No. 14**:     The Defendant seeks to prohibit the Plaintiff and her witnesses from referencing how Mr. Adams accessed the sump tank. Given that the record in this case indicates that there is no conclusive proof as to how Mr. Adams entered the tank because of the lack of camera footage. This court does not have sufficient information to determine whether certain statements or references are inadmissible to make a ruling on this Motion without the context of trial. Therefore, the Motion is DENIED.

**Motion in Limine No. 15:**     The Defendant seeks to preclude Plaintiff and ProCore from presenting "David versus Goliath arguments". Because unduly prejudicial rhetoric in generally impermissible, this motion is MOOT.

**Motion in Limine No. 16:**     Defendant seeks to exclude evidence that litigating this case has caused the Plaintiff stress or inconvenience.  Because litigation induced stress is generally not a recoverable element of damages, the Motion is GRANTED pursuant to Fed. R. Evid. 401 as such evidence would likely not be relevant.

**Motion in Limine No. 17**:     E-Z Mart requests that the court prohibit any reference to E-Z Mart's size, net worth, or general financial condition. Because such evidence is typically more prejudicial than probative, the motion is GRANTED pursuant to Rule 403.

    As to all of the evidence and arguments offered by the parties, the Court notes that it will prohibit any arguments and exclude any evidence that would violate the Federal Rules of Evidence and permit evidence that complies with the rules.  Therefore, Defendant E-Z Mart's Motions in

Limine and Brief in Support [Dkt. No. 97] is hereby DENIED in part, GRANTED in part, and found MOOT in part.

**IT IS SO ORDERED** on this 9th day of March, 2026.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA