## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

**ASHLEY D. ADAMS**

                **Plaintiff,**

**v.**

**E-Z MART STORES, INC.,**
        **Defendant**

**E-Z MART STORES, INC.**
          **Third Party Plaintiff**
**v.**
**LSC VENTURES, INC., D/B/A PROCORE FUEL SOLUTIONS**
          **Third-Party Defendant**

**Case No. 23-CV-278-RAW**

### <u>ORDER</u>

Before the court is Plaintiff's First Omnibus Motion in Limine. Dkt. No. 96. Plaintiff has properly certified that counsel conferred with Defense Counsel but were unable to reach an agreement. For the foregoing reasons, the motion is GRANTED in part and DENIED in part.

Motions in limine are permitted under the Federal Rules of Evidence to allow the Court to decide evidentiary issues in advance of trial, avoid delay, ensure fairness, and narrow down the evidentiary issues. *Mendelsohn* v. *Sprint/United Mgmt. Co*., 587 F. Supp. 2d 1201, 1208 (D. Kan. 2008), aff'd, 402 F. App'x 337 (10th Cir. 2010). However, "the district court may change its ruling

1

at any time for whatever reason it deems appropriate." *Jones* v. *Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (citations omitted); see also *Luce*, 469 U.S. at 41 ("The ruling is subject to change when the case unfolds ... [E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.")

Plaintiff raises the following Motions in Limine:

**Motion in Limine No. 1**:     Collateral Source for Workers' Compensation Death Benefits. Plaintiff seeks to exclude references to the fact that the Plaintiff previously received workers' compensation benefits following Mr. Adams' death.  Defendant argues that evidence of other payments may be introduced for reasons other than to demonstrate an offset. Additionally, Defendant contends that there is evidence of additional payments from ProCore to Plaintiff occurring outside the context of the workers' compensation case. Based on the parties' arguments, the court is not persuaded that the workers' compensation payments are admissible under the collateral source rule and Rule 408. Therefore, the motion is GRANTED.

**Motion in Limine No. 2**:     Plaintiff seeks to exclude references to the Decedent's historical use of methamphetamine or any suggestion that Mr. Adams may have been impaired on the day of his death. Pursuant to Fed. R. Evid. 401 and 403, the motion is DENIED.

**Motion in Limine No. 3**: Plaintiff seeks to exclude references to Mr. Adams' dental health history and any relationship it may have to his drug use.  Pursuant to Fed. R. Evid. 403, the motion is DENIED.

As to all of the evidence and arguments offered by the parties, the Court notes that it will prohibit any arguments and exclude any evidence that violates the Federal Rules of Evidence, and

permit only evidence that complies with the rules.  Therefore, Plaintiff's First Omnibus Motion in Limine [Dkt. No. 96] is hereby GRANTED in part and DENIED in part.

**IT IS SO ORDERED** on this 10th day of March, 2026.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**