**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

ASHLEY D. ADAMS

        **Plaintiff,**

v.

        **Case No. 23-CV-278-RAW**

E-Z MART STORES, INC.,
        **Defendant**

E-Z MART STORES, INC.
        **Third Party Plaintiff**
v.
LSC VENTURES, INC., D/B/A PROCORE
FUEL SOLUTIONS
        **Third-Party Defendant**

## ORDER

Before the court is the Plaintiff's Motion in Limine to Exclude Plaintiff's Health Records and Prior Alleged Drug Use [Dkt. No. 95].

Plaintiff seeks to exclude evidence of Plaintiff, Ashley Adams, alleged prior drug use and any references to Plaintiff's medical and mental health records that does not "directly relate to her damages in a wrongful death action." Dkt. No. 95 at 1. The Plaintiff has conferred with counsel for the Defendant in accordance with LCvR 7.1 (f), but the parties were unable to come to an agreement.

1

Motions in limine are permitted under the Federal Rules of Evidence to allow the Court to decide evidentiary issues in advance of trial, avoid delay, ensure fairness, and narrow down the evidentiary issues. *Mendelsohn* v. *Sprint/United Mgmt. Co.*, 587 F. Supp. 2d 1201, 1208 (D. Kan. 2008), aff'd, 402 F. App'x 337 (10th Cir. 2010). However, "the district court may change its ruling at any time for whatever reason it deems appropriate." *Jones* v. *Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (citations omitted); see also *Luce*, 469 U.S. at 41 ("The ruling is subject to change when the case unfolds ... [E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.")

First with regard to Plaintiff, Ashley Adams mental and physical health, the court agrees that Ashley Adams' physical and mental health are not at issue in this case, and the motion is GRANTED pursuant to Fed. R. Evid. 401.

Second Plaintiff, Ashley Adams' alleged prior drug use is admissible but only relevant insofar as it tends to prove that Mr. Adams had a history of methamphetamine use. Beyond this narrow issue, the topic is not relevant. While the Defendant raises issues concerning the impact of drugs on memory, they fail to support the notion that Ms. Adams has had any prior issues concerning memory or that there is any contemporary drug use that might interfere with memory at trial. Therefore, the Plaintiff's second request is GRANTED in part and DENIED in part.

Therefore, Plaintiff's Motion in Limine to Exclude Plaintiff's Health Records and Prior Alleged Drug Use [Dkt. No. 95] is hereby GRANTED in part and DENIED in part.

**IT IS SO ORDERED** on this 18th day of March, 2026.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE